| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert P Goe<br>Goe Forsythe & Hodges LLP<br>17701 Cowan<br>Building D<br>Suite 210<br>Irvine, CA 92614<br><br>949–798–2460<br><br><br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| In re:<br><br><br>2nd Chance Investment Group, LLC<br><br><br><br>Debtor(s). | CASE NO.: 8:22–bk–12142–SC<br><br>CHAPTER: 11<br><br><br>ADVERSARY NUMBER: 8:24–ap–01020–SC |
|---|---|
| Official Committee Of Unsecured Creditors<br><br><br>Plaintiff(s)<br><br>Versus<br><br>Rayshon Andrew Foster<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **03/13/2024.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

 A status conference in the adversary proceeding commenced by the Complaint has been set for:

     **Date:**           **April 30, 2024**
     **Time:**           **01:30 PM**
     **Hearing Judge:**   **Scott C Clarkson**
     **Location:**      **411 W Fourth St., Crtrm 5C, Santa Ana, CA 92701**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>February 12, 2024</u>

By: <u>     "s/" Nickie Bolte     </u>

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# ATTACHMENT A
Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Official Committee Of Unsecured Creditors | Rayshon Andrew Foster<br>Sonja Foster<br>Discover Bank |

# ATTACHMENT A

Robert P. Goe – State Bar No. 137019
Charity J. Manee – State Bar No. 286481
**GOE FORSYTHE & HODGES LLP**
17701 Cowan, Bldg. D, Suite 210
Irvine, CA 92614
rgoe@goeforlaw.com
cmanee@goeforlaw.com
Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Attorneys for Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>2ND CHANCE INVESTMENT GROUP, LLC,<br><br>            Debtor and Debtor in Possession. | Case No.  8:22-bk-12142-SC<br><br>Chapter 11 Case<br><br>Adv. Case No.: 8:24-ap_____-SC |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>                Plaintiff,<br><br>-vs-<br><br>DISCOVER BANK, a Delaware Corporation; RAYSHON ANDREW FOSTER, an individual, SONJA FOSTER, an individual and DOES 1-10,<br><br>                Defendants. | **COMPLAINT FOR:**<br><br>1) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05;**<br>2) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(B);**<br>3) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND CAL. CIV. CODE §§ 3439.04(a)(1);**<br>4) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(A);**<br>5) **RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550; and**<br>6) **DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502** |

1

1    The Official Committee of Unsecured Creditors of the bankruptcy estate of 2ND Chance

2    Investment Group, LLC ("Debtor"), and Plaintiff in this adversary proceeding ("Committee" or

3    "Plaintiff"), respectfully alleges as follows:

### I.    SUBJECT MATTER JURISDICTION AND VENUE

5    1.    This adversary proceeding arises in and relates to the Debtor's pending chapter 11

6    bankruptcy case entitled *In re 2nd Chance Investment Group, LLC.*, Case No. 8:22-bk-12142-SC

7    ("Bankruptcy Case").

8    2.    On December 21, 2022 (the "Petition Date"), the Debtor filed a voluntary petition

9    for relief under chapter 11 of the Bankruptcy Code, commencing the Bankruptcy Case.

10    3.    This Court has jurisdiction to adjudicate the issues raised in this adversary

11    proceeding under 28 U.S.C. § 1334.

12    4.    This action is a core proceeding under 28 U.S.C. § 157(b).  Pursuant to Federal

13    Rule Bankruptcy Procedure 7008, Plaintiff consents to the Bankruptcy Court entering final a

14    judgment and/or order.

15    5.    This adversary proceeding involves property worth more than $1,000 and does not

16    involve a consumer debt.  Venue in this judicial district is appropriate under 28 U.S.C. §§ 1409(a)

17    and/or (c) because the Bankruptcy Case is pending in the Central District of California.

18    6.    To the extent Plaintiff asserts claims under 11 U.S.C. § 544, Plaintiff asserts that

19    there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C.

20    § 502 or not allowable under 11 U.S.C. § 502(e), who can avoid the prospective transfers as set

21    forth hereinafter under California or other applicate state or federal law.

### II.    THE PARTIES

23    7.    Plaintiff was appointed as the Creditors' Committee on February 6, 2023.

24    8.    Pursuant to the Bankruptcy Court's *Order Approving Stipulation Between Debtor*

25    *and the Official Committee of Unsecured Creditors Granting the Committee Standing to Pursue*

26    *Certain Avoidance Actions on Behalf of the Estate* entered on March 22, 2023 in the Bankruptcy

27    Case at Docket Entry No. 77, Plaintiff is the representative of the bankruptcy estate whose

28    authority, subject to limitations not relevant to the claims stated herein, includes, but is not limited

1  to pursuing, suing on, and settling all actions, arising under Bankruptcy Code sections 502, 510,

2  544, 545, 547, 548, 549, 550 and 553, or any avoidance actions under applicable non-bankruptcy

3  law.  Plaintiff is also empowered to prosecute, pursue, and resolve all claims held by the estate and

4  objections to claims in the Bankruptcy Case.

5          9.      Plaintiff brings this action solely for the benefit of the estate and its creditors in the

6  Bankruptcy Case.

7          10.     By virtue of Plaintiff consisting of a committee of creditors of the Debtor, Plaintiff

8  may not have personal knowledge of many of the facts alleged in this Complaint and, therefore,

9  where appropriate, alleges certain facts on information and belief.  Plaintiff reserves its right to

10 amend this Complaint to allege additional claims against the Defendants (defined below) and to

11 challenge and recover transfers made to or for the benefit of the Defendants in addition to those

12 transfers alleged in the Complaint.

13         11.     On and before the Petition Date, and continuing to the present, Defendant Discover

14 Bank ("Discover") is a national banking association organized in the State of Delaware and

15 existing under the laws of the United States of America.

16         12.     Discover regularly conducts business throughout the State of California and is

17 registered to do business in the State of California.

18         13.     Defendant Rayshon Andrew Foster ("R. Foster") is an individual and according to

19 the Debtor's List of Equity Security Holders [Docket No. 1 in the Bankruptcy Case at page 10 of

20 54] is the sole member of the Debtor and at all times was a person in control of the Debtor.

21         14.     Sonja Foster ("S. Foster") is the spouse of R. Foster (together, the "Fosters") and at

22 all times relevant to this Complaint, was a person in control of the Debtor. Additionally,

23 notwithstanding the Debtor's filed List of Equity Security Holders, the Debtor now contends in its

24 first amended plan and disclosure statement [Docket Nos. 268 and 269 filed respectively in the

25 Bankruptcy Case] that S. Foster is a 48% owner of the Debtor.

26         15.     Discover and the Fosters shall from hereon, at times, collectively be referred to as

27 the "Defendants."

28 \\\

### III.  GENERAL ALLEGATIONS

16.     The allegations contained in paragraphs 1-15, inclusive, are re-alleged and incorporated herein by this reference, as though set forth in full.

17.     During the four years prior to the Petition Date, the Debtor was caused to transfer funds directly to Discover in the aggregate amount of at least $19,120.68 ("Transfers").

18.     The Transfers were transfers of money from the Debtor's operating bank account maintained with East West Bank, ending in account number 4577.

19.     An itemized listing of the Transfers with details, describing salient aspects of each individual transfer, is attached hereto as **Exhibit "1"** and is incorporated herein.

20.     Plaintiff is informed and believes that, during the four years leading up to the Petition Date, the Fosters caused the Debtor to make the Transfers for their personal benefits, including their multiple other businesses besides the Debtor, not for any legitimate business purpose of the Debtor, and that Debtor had no credit card issued by Discover at the time of the Transfers.

21.     The Transfers were made for the benefit of the Fosters.

22.     Plaintiff is informed and believes that the Transfers were intended to disguise the Fosters' plan to strip the Debtor of its assets and hide the value of those assets or money under third party names in order to defraud, hinder, delay and avoid paying Debtor's genuine creditors.

23.     Upon information and belief, at all times relevant to this Complaint, creditors of the Debtor (holding unsecured claims allowable within the meaning of Sections 502 and 544(b) of the Bankruptcy Code) existed that could have avoided the Transfers described herein under applicable state voidable transfer law including, but not limited to, California Civil Code § 3439 *et seq*.

### FIRST CLAIM FOR RELIEF

### (Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 544(b)(1); Cal. Code §§ 3439.04(a)(2), 3439.05 Against All Defendants)

24.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23 as though set forth in full.

25.    The Transfers were transfers of the Debtor's property made within four (4) years of the Petition Date to or for the benefit of the Defendants in the amounts set forth in Exhibits 1.

26.    When the Transfers were made, the Debtor was aware of its mounting debts.

27.    The Debtor received less than reasonably equivalent value in exchange for the Transfers and in fact received no value for the Transfers.

28.    The Debtor was insolvent when the Transfers were made or it became insolvent as a result of the Transfers.

29.    At the time the Transfers were made, the Debtor intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

30.    The Transfers are avoidable pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code §§ 3439.04(a)(2), 3439.05.

## SECOND CLAIM FOR RELIEF

### (Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §548(a)(1)(B) Against All Defendants)

31.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 30 as though set forth in full.

32.    The Transfers were transfers of the Debtor's property.

33.    As reflected in Exhibit 1, all of the Transfers were made within two (2) years of the Petition Date to or for the benefit of the Defendants.

34.    When the subset of the Transfers were made, the Debtor was aware of its mounting debts.

35.    Debtor received less than reasonably equivalent value in exchange for the Transfers.

36.    Debtor was insolvent when the Transfers were made or became insolvent as a result of the Transfers.

37.    At the time the Transfers were made, the Debtor intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

38.    The Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

**THIRD CLAIM FOR RELIEF**

**(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 544(b)(1); Cal. Code §§ 3439.04(a)(1) Against All Defendants)**

39.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 38 as though set forth in full.

40.     The Uniform Fraudulent Transfer Act provides, inter alia, that a transfer is fraudulent as to a creditor, regardless of when the creditor's claim arose, if the Debtor made the transfer with the actual intent to hinder, delay, or defraud any creditor. (*See* California Civil Code §3439.04 California Civil Code §3439.04(a)(1).)

41.     As long as the debtor had the requisite fraudulent intent, a transfer will qualify as an actually fraudulent transfer, even if reasonably equivalent value was provided. Because §3439.04(a)(1)'s language regarding the debtor's state of mind is in the disjunctive, intent to defraud a creditor is not required. Either an intent to hinder or an intent to delay a creditor will also suffice.

42.     The Transfers were transfers of the Debtor's property made within four (4) years of the Petition Date. The Transfers were made to Discover on the dates and in the amounts reflected on Exhibits 1.

43.     The Transfers were all made for the benefit of the Fosters.

44.     The Transfers were made with the actual intent to hinder, delay or defraud Debtor's legitimate creditors and were payments made improperly to enrich the Fosters at the expense of the Debtor's legitimate creditors.

45.     Plaintiff is informed and believes and thereon alleges that Plaintiff is entitled to an order and/or judgment that the Transfers are avoided and/or providing to Debtor the value of that property in addition to any other remedy available under applicable law.

**FOURTH CLAIM FOR RELIEF**

**(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 548(a)(1),**

**Against All Defendants)**

46.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 45 as though set forth in full.

47.     Bankruptcy Code section 548(a)(1)(A) provides that a transfer is fraudulent as to a creditor if the Debtor made the transfer with the actual intent to hinder, delay, or defraud any creditor.

48.     The Transfers were transfers of the Debtor's property made within two (2) years of the Petition Date to or for the benefit of the Defendants.

49.     The Transfers were made with the actual intent to hinder, delay or defraud Debtor's legitimate creditors.

50.     Plaintiff is informed and believes and thereon alleges that Plaintiff is entitled to an order and/or judgment that the Transfers are avoided and/or providing to Debtor the value of that property in addition to any other remedy available under applicable law.

**FIFTH CLAIM FOR RELIEF**

**(Recovery of Voidable Transfers Pursuant to 11 U.S.C. § 550 Against All Defendants)**

51.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 as though set forth in full.

52.     Based on the foregoing claims for relief and the facts set forth herein, the Transfers are all recoverable by Plaintiff.

53.     The Transfers, including the Transfers, or the value thereof, are recoverable from the Defendants pursuant to 11 U.S.C. § 550(a).

**SIXTH CLAIM FOR RELIEF**

**(Disallowance of Claims Pursuant to 11 U.S.C. § 502 Against All Defendants)**

54.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 53 as though set forth in full.

55.     Defendants have not paid the amount of the Transfers, or any part of them, including the Two-Year Transfers, nor turned over such property, for which Defendants are liable under 11 U.S.C. §550.

56.     Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendants and/or their assignees against the Debtor's estate must be disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

57.     Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendants and/or their assignees against the Debtor's estate previously allowed must be reconsidered and disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all of the Transfers which have been avoided under 11 US.C. § 550.

<u>**PRAYER**</u>

**WHEREFORE**, Plaintiff prays for judgment against all Defendants as follows:

<u>**ON THE FIRST, SECOND, THIRD AND FOURTH CLAIMS FOR RELIEF**</u>

1.     For judgment avoiding the Transfers.

<u>**ON THE FIFTH CLAIM FOR RELIEF**</u>

2.     For recovery of the Transfers or their value in the form of a money judgment.

<u>**ON THE SIXTH CLAIM FOR RELIEF**</u>

3.     Judgment disallowing, in accordance with 11 U.S.C. §§ 502(d) and (j), any claims held by Defendants and/or their assignees until Defendants satisfy the judgment granted in this action.

<u>**ON ALL CLAIMS FOR RELIEF**</u>

4.     For interest as permitted by law from the date of the Transfers;

5.     For costs of suit incurred herein, including, without limitation, attorneys' fees; and

6.     For such other and further relief as the Court deems just and proper.

Dated: February 8, 2024                **Respectfully submitted by,**

                                       **GOE FORSYTHE & HODGES LLP**


                                       By: /s/*Robert P. Goe*  _____
                                            Robert P. Goe
                                            Charity J. Manee
                                            Counsel to Official Committee of
                                            Unsecured Creditors

| | | |
|---|---:|---|
| 6/3/2021 | 822.32 | |
| 6/4/2021 | 1,000 | |
| 6/7/2021 | 500 | |
| 6/14/2021 | 1000 | |
| 7/6/2021 | 3,000 | |
| 8/10/2021 | 370.97 | |
| 1/3/2022 | $1,000 | EWB |
| 2/3/2022 | $1,000 | EWB |
| 3/3/2022 | $1,000 | EWB |
| 5/3/2022 | $1,000 | EWB |
| 6/3/2022 | 1000 | EWB |
| 7/5/2022 | 3287.31 | EWB |
| 9/6/2022 | 1000 | EWB |
| 9/9/2022 | 729.08 | |
| 10/3/2022 | 1000 | |
| 10/25/2022 | 1300 | |
| 3-Nov | 111 | |

19120.68

<table>
<tr><td>

Attorney or Party Name, Address, Telephone & FAX
Nos., State Bar No. & Email Address

Robert P. Goe – State Bar No. 137019
Charity J. Manee – State Bar No. 286481
GOE FORSYTHE & HODGES LLP
17701 Cowan, Bldg. D, Suite 210
Irvine, CA 92614
rgoe@goeforlaw.com
cmanee@goeforlaw.com
Telephone: (949) 798-2460
Facsimile: (949) 955-9437

*Attorney for Plaintiff*

</td><td>

FOR COURT USE ONLY

</td></tr>
</table>

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br>2ND CHANCE INVESTMENT GROUP, LLC<br><br><br><br><br>Debtor(s). | CASE NO.: 8:22-bk-12142-SC<br><br>CHAPTER: 11<br><br>ADVERSARY NO.: |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS<br><br><br><br>Plaintiff(s)<br>Versus<br>DISCOVER BANK, a Delaware Corporation; RAYSHON ANDREW FOSTER, an individual, SONJA FOSTER, an individual and DOES 1-10,<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING**<br>**[LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| |
|---|
| **Hearing Date:** _____  **Address:**<br>**Time:** _____  ☐ 255 East Temple Street, Los Angeles, CA 90012<br> ☐ 3420 Twelfth Street, Riverside, CA 92501<br>**Courtroom:** _____  ☒ 411 West Fourth Street, Santa Ana, CA 92701<br> ☐ 1415 State Street, Santa Barbara, CA 93101<br> ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 1                          **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
                    Deputy Clerk

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____   _____   _____
 *Date*                                      *Printed Name*                                *Signature*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 3                          **F 7004-1.SUMMONS.ADV.PROC**

## UNITED STATES BANKRUPTCY COURT

**Early meeting of Counsel and Status Conference Instructions**

1. **<u>Service of Order</u>.**  A copy of this Order re: Rule 26(f) Meeting, Initial Disclosures, and Scheduling Conference must be served with the summons and complaint.  The proof of service of the summons and complaint must indicate that a copy of this order was served therewith.

2. **<u>Local Bankruptcy Rule 7026-1</u>.**  Compliance with Local Bankruptcy Rule 7026-1 ("LBR 7026-1") is required in ALL adversary proceedings.

3. **<u>Rule 26(f) Meeting</u>.**  Unless all defendants default, the parties must meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f) Meeting") at least 21 days before the status conference date set forth in the summons.  **<u>The status conference set forth in the summons shall also serve as the initial Rule 16(b) Scheduling Conference in this adversary proceeding</u>.**

   The parties are jointly responsible for arranging and attending the Rule 26(f) Meeting, which may be conducted in person or by telephone.  During the Rule 26(f) Meeting, the parties must, at a minimum: (a) discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case; (b) make or arrange for the initial disclosures required by Rule 26(a)(1); and (c) develop a proposed discovery plan.  The discussion of claims and defenses must be substantive and meaningful.  The parties are directed to approach the Rule 26(f) Meeting cooperatively and in good faith.

4. **<u>Initial Disclosures</u>.**  Rule 26(a)(1) states that a party must, without awaiting discovery request, provide to other parties:

   a. The name and, if known, the address and telephone number for each individual likely to have discoverable information - along with the subjects of that

information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

   b.   A copy of - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

   c.   A computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

   d.   For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

F.R.Civ.P.26(a)(1)(A). Rule 26(a)(1) requires a party to make its initial disclosures based on the

information that is reasonably available to it.  A party is not excused from making its disclosures

because it has not fully completed its investigation of the case or because it challenges the

sufficiency of another party's disclosures or because another party has not made its disclosures.

F.R.Civ.P.26(a)(1)(E).

   **5.   <u>Alternative Dispute Resolution ("ADR")</u>.**  The parties must explore the feasibility of

ADR to reach a settlement or early resolution of the adversary proceeding.  The specific reasons

for any decision not to participate in a form of early ADR must be explained in the Joint Status

Report.  If the parties elect not to participate in an early ADR effort, the Court may nonetheless

direct the parties to ADR before trial.

   **6.   <u>Discovery Plan.</u>**  At the Rule 26(f) Meeting, the parties must also discuss issues about

preserving discoverable information and develop a proposed discovery plan.  The discussion

regarding discovery following the initial disclosures must address the relevance of the discovery

sought and the sequence and timing of such discovery, including whether the discovery will be

conducted informally or formally. The deadlines in the discovery plan must be mutually

agreeable, with a view to achieve resolution of the case with a minimum of expense and delay.

7. **Joint Status Report.** A status report must be filed within the time frames specified

within LBR 7016-1(a)(2). The Joint Status Report must contain the information set forth in

LBR 7016-1(a)(2), and a statement that the parties have completed the Rule 26(f) Meeting and

made the initial disclosures required by Rule 26(a)(1). The Joint Status Report shall also serve

as the written report of the Rule 26(f) Meeting. If Defendant(s) have not filed and served an

answer to the Complaint, a Unilateral Status report is due seven (7) days prior to the first status

conference hearing.

8. **Status Conference/Rule 16(b) Scheduling Conference.** At the Rule 16(b) Scheduling

Conference, the Court will review the discovery plan set forth in the Joint Status Report and set

appropriate deadlines.

Counsel representing any party in conjunction with the Rule 26(f) Meeting, Joint Status

Report, and Rule 16(b) Scheduling Conference must be authorized to bind the party on all

matters to be covered.

9. **Default.** If no response to the complaint is timely filed, plaintiff should request entry of

default by the clerk prior to the status conference date set forth in the summons. F.R.Civ.P.55(a).

Plaintiff may also request entry of a default judgment by filing and serving an appropriate

motion. F.R.Civ.P.55(b)(2).

10. **Sanctions. Failure to comply with these instructions may subject the responsible**

**party and/or counsel to sanctions, which may include dismissal of the adversary**

**proceeding. The failure of either party to cooperate in the preparation of timely filing of a**

Joint Status Report or appear at the status conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).

11. <u>**Joint Pre-Trial Order**</u>.  **Failure to timely file a Joint Pre-Trial order may subject the responsible party and/or counsel to sanctions, which may include dismissal of the adversary proceeding.  The failure of either party to cooperate in the preparation of timely filing of a Joint Pre-Trial Conference or appear at the Joint Pre-Trial Conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).**

Honorable Scott C. Clarkson
United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

17701 Cowan, Suite 210, Bldg. D, Irvine, CA 92614

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:
COMPLAINT AND EARLY MEETING OF OCUNSEL AND STATUS CONFERENCE INSTRUCTIONS

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___2/15/2024_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
Charity J Manee cmanee@goeforlaw.com, kmurphy@goeforlaw.com
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) ___2/15/2024_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

SEE ATTACHED

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 2/15/2024 | Danielle Cyrankowski | /s/ Danielle Cyrankowski |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                     **F 7004–1.SUMMONS.ADV.PROC**

**SERVED BY UNITED STATES MAIL:**

Discover Bank
502 E. Market Street
Greenwood, DE 19950
(Certified mail)

CA Registered Corporate (1505) Agent
Amanda Garcia
330 N Brand Blvd, Glendale, CA 91203
(Certified mail)

Rayshon Andrew Foster
12812 Clemson Dr.
Eastvale, CA 92880

Sonja Foster
12812 Clemson Dr.
Eastvale, CA 92880